Priority ✓
Send ✓
Enter ✓
Closed ✓
~~JS-5~~/JS-6 ✓
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 05-366 JVS (RNBx) Date May 17, 2005

Title Gilbert v. Care Ambulance Service Incorporated

---

Present: The Honorable James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

ENTERED
MAY 17 2005
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY ___ DEPUTY

**Proceedings:** (In Chambers) ORDER REMANDING ACTION TO STATE COURT

DOCKETED ON CM
MAY 17 2005
BY 039

On April 28, 2005, the Court directed defendant J.J. MacIntyre Company, Inc. ("MacIntyre") to show cause why this action should not be remanded to the Orange County Superior Court for want of a claim arising under federal law. 28 U.S.C. § 1331. The Court has now reviewed MacIntyre's response and the reply of Jeremy Gilbert ("Gilbert").

Gilbert's complaint states five causes of action for common-law relief: defamation, injunctive relief, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (See Petition, Ex. A.) There are no federal claims pled; none of Gilbert's claims "arise under" federal law.

MacIntyre removed this action from Orange County Superior Court on the basis of federal question jurisdiction. 28 U.S.C. § 1331. However, the only federal question arises by way of defenses which may be available to MacIntyre and not as a matter of the substantive claims asserted by Gilbert.

In its response to the order to show cause, MacIntyre asserts that it is entitled to removal because the Fair Credit Reporting Act ("FCRA") has preempted the field. (Response, p. 2.) While McIntyre is correct that the FCRA has broad preemptive effect, Lin v. Universal Credit Card Services Corp., 238 F.Supp. 2d 1147, 1151-52 (N.D. Cal. 2002); Quigley v. Pennsylvania Higher Education Assistance Agency, 2000 WL 1721069 (N.D. Cal. 2000), the issue here is slightly different. Federal jurisdiction may be predicated on preemption for removal purposes only where there is complete preemption. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). Neither Lin nor Quigley addressed the issue from the perspective of removal. The Court believes that Sehl v.

11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 05-366 JVS (RNBx) Date May 17, 2005

Title Gilbert v. Care Ambulance Service Incorporated

---

Safari Coaches, Inc., 2001 WL 940846 (N.D. Cal. 2001), is precisely on point.

In Sehl, the court found that the FCRA had substantial preemptive effect, but did not impose complete preemption. (Id. at 6.) Accordingly, the court remanded the case to state court. The Court need not pass on whether Gilbert's individual common-law claims are preempted, a position which MacIntyre can litigate in state court. As "master of the complaint," Gilbert is entitled to litigate in state court. (Id. at 7.)

This case is remanded to the Superior Court for the State of California, County of Orange.

________ : ________

Initials of Preparer ____________